# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| QUINCY GEORGE, | ) | |
| | ) | |
| *Petitioner*, | ) | Case No. 2:26-cv-9, 2:19-cr-124 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Wyrick |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Quincy George's Motion to Reconsider [Doc. 12] and Motion to Deny ECF No. #5 and His Reply in Opposition to ECF No. #5 [Doc. 11]. For the following reasons, the Motions [Docs. 11, 12] are **DENIED**.

## I.     STANDARD OF REVIEW

Plaintiff seeks relief under Federal Rule of Civil Procedure 59(e). Rule 59 allows a party to seek a new trial or seek to alter or amend a judgment within 28 days after the entry of judgment. FED. R. CIV. P. 59. Under Rule 59, the court may alter a judgment based on a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

However, Rule 59(e) cannot be "used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Dissatisfaction with the court's initial judgment and/or disagreements with its conclusions are insufficient to support a Rule 59(e) motion. *See, e.g., Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant

one additional chance to sway the judge.").  Therefore, Rule 59(e) does not provide litigants the "opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

## II.    ANALYSIS

On January 12, 2026, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1]. The Government filed its response on February 13, 2026. [Doc. 5]. Petitioner subsequently moved for an extension of time to file a reply, which the Court granted, and permitted him to do so on or before May 22, 2026. [Doc. 8]. Petitioner failed to meet that deadline due to what he describes as delays by the Prison Mail System. [Doc. 12 at 2]. On June 1, 2026, the Court denied Petitioner's § 2255 Motion [Doc. 1] as untimely because it was filed outside the applicable one-year statute of limitations. [Doc. 9]. Coincidentally, Petitioner filed his reply [Doc. 11] on the same day the Court entered its June 1, 2026, Order and Judgment. Petitioner, thereafter, filed his Motion to Reconsider [Doc. 12], arguing that the Court failed to consider his reply before ruling on his § 2255 Motion.

Like many of Petitioner's filings, his arguments are difficult to discern. From what the Court can gather, Petitioner contends that the Court "can not demonstrate that ECF No. 9 and ECF No. 10, had been guided by sound legal principles because the governing law and the many procedural default rulings was not correctly applied." [*Id.* at 5]. He argues that "a fairminded jurist could agree that limiting the scope of collateral review to a record that may not be accurate or complete is [] an abuse of discretion." [*Id.*]. Notably absent from his Motion, however, is any meaningful challenge to the basis for the Court's denial of his § 2255 motion—namely, that it was untimely. Indeed, Petitioner does not explain why equitable tolling should apply to his claims, nor

2

can he based on the Court's findings of the timeline in this case. [*See* Doc. 9 at 4 ("Waiting just over four years to file this Motion does not suggest 'he has been pursuing his rights diligently.'")].

Rather, in his Motion to Reconsider, Petitioner, as he explained many times in his § 2255 motion, argues that the Court has an "independent obligation to first identify the relevant clearly established federal law." [Doc. 12 at 6]. A Rule 59 motion, however, does not provide Petitioner with a second opportunity to re-argue his case. *Engler*, 146 F.3d at 374. Plaintiff cannot now use Rule 59 to "relitigate issues of disagreement with the court's initial ruling." *Alshara v. United States*, No. 2:26-cv-10912, 2026 U.S. Dist. LEXIS 102925, at *5 (E.D. Tenn. May 8, 2026) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)). Although the Court did not have Petitioner's reply before it when the Judgment was entered, consideration of that filing would not have altered the outcome. Like his Motion to Reconsider, the reply fails to meaningfully address the statute-of-limitations issue and instead relies on conclusory assertions that unspecified "exculpatory evidence" demonstrate his actual innocence. As the Court has previously explained, such vague and unsupported allegations are insufficient to overcome the important deadlines in habeas cases. *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (holding that the petitioner's § 2255 claims were "insufficient to sustain review" because they were "stated in the form of conclusions without any allegations of facts in support thereof, as well as being unsupported by proof or reference to such proof"); *Simmons v. United States*, 974 F.3d 791, 793 (6th Cir. 2020) ("Deadlines matter, especially in habeas cases.").

The Court, therefore, cannot find that the circumstances warrant reopening this case based on Petitioner's arguments.

III. **CONCLUSION**

For the reasons stated above, Petitioner's Motions [Docs. 11, 12] are **DENIED**.

3

**SO ORDERED.**

_/s/ Charles E. Atchley, Jr._
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

4